**H. CREIGHTON, Petitioner,**

v.

**STATE OF NORTH CAROLINA,**
Respondent.

Civ. No. 1335.

United States District Court
E. D. North Carolina,
Raleigh Division.

March 9, 1962.

On April 1, 1954, the petitioner H. Creighton was convicted in Wake County, North Carolina Superior Court of armed robbery of a Western Union telegraph office in Raleigh, North Carolina, and sentenced to serve 12 to 15 years in prison. During the period of his imprisonment he filed over 30 writs, petitions and other papers, in both the State and Federal courts, seeking release, including a post-conviction hearing from which he appealed to the Supreme Court of North Carolina which affirmed the lower Court's finding of fact and conclusion of law denying relief, and petition for certiorari was denied by the United States Supreme Court. At the hearing before this court petitioner admitted that his allegations of cruel and unusual punishment contained in his petition no longer existed, and that the conditions about which he complained in prior writs had ceased to exist some five years previous to this hearing.

Wright T. Dixon, Jr., Raleigh, N. C., for petitioner.

Thomas Wade Bruton, Atty. Gen. of North Carolina, for respondent.

LARKINS, District Judge.

The above-captioned action upon a Petition for a Writ of Habeas Corpus submitted by petitioner was heard before this Court on December 22, 1961 and January 26, 1962. Petitioner was represented by court assigned counsel, Mr. Wright T. Dixon, Jr., Esquire, Attorney at Law of Raleigh, North Carolina, the Attorney General for respondent.

After consideration of the pleadings and after hearing all of the evidence presented by both petitioner and respondent, the Court makes the following findings of fact:

1. The petitioner has exhausted all remedies available to him in the courts of the State.

2. The State failed to assign counsel upon his request, or of its own motion, to assist petitioner at his trial. The petitioner had previously appeared as a defendant in several criminal actions in the state courts and it appears to the court that he was sufficiently versed in legal procedure at the time of his trial to protect his rights and the failure to assign counsel to assist petitioner was not denial of due process. In addition, petitioner had the benefit of court-assigned counsel during a post-conviction hearing inquiring into the constitutionality of his conviction.

3. The Sheriff of Wake County, North Carolina, was unable to locate and serve with subpoenas the witnesses whom the petitioner had requested be subpoenaed to appear at his trial and testify in his behalf. The evidence on this point presented an unusual fact situation. The Sheriff of Wake County, North Carolina, testified that on the day of the petitioner's trial that the petitioner requested the Court to subpoena three witnesses to testify in his behalf to support his alibi and that subpoenas for the three witnesses were issued and placed in the hands of the Sheriff for service. That the trial was continued to the following day. That the petitioner advised the Sheriff that the witnesses could be located at a place in Wake County, North Carolina, known as "Katie Mae's" but that the Sheriff misunderstood the defendant and made due and diligent search for the defendant's witnesses at a place known as the "Baby Ruth Tea Room" which was located some distance away from the place known as "Katie Mae's". At this hearing before this Court the Sheriff further testified that following the trial and conviction of the petitioner, Hubert Creighton, in the Wake County North Carolina Superior Court on April 1, 1954, that he went to a location in Wake County, known as "Katie Mae's Place" and there he located the three witnesses whom the petitioner insisted at his trial that he would find, and that he (the Sheriff) obtained statements from the three witnesses to the effect that they were, in fact, at the location on the night of the alleged criminal offense charged against the petitioner. That following the trial and conviction of the petitioner the jailer informed the Sheriff that the defendant Creighton had told the Sheriff in his presence and hearing that the Sheriff could find his witnesses at "Katie Mae's" and that thereafter the Sheriff did, in fact, locate the witnesses at the place known as "Katie Mae's". That at this hearing before this Court the Sheriff admitted that he was mistaken; that he did not search for the defendant's witnesses at "Katie Mae's Place" and that he had not previously, at any of the other hearings, made such an admission of error. One of the defendant's witnesses named Thompson testified at this hearing that he was at "Katie Mae's Place" on the night of the alleged offense for which petitioner was tried and convicted, and that the other two persons named by the defendant as witnesses in his behalf, namely, J. C. Smith and Harold Dellinger were, in fact, present at "Katie Mae's Place" on the night of the alleged robbery of the Western Union office by the defendant Creighton; and, that all three of them were in court on the day before the case was called for trial, but understood the trial had been continued for the term; that all three of defendant's witnesses were present on March 31st, April 1st, and April 2nd, 1954 at "Katie Mae's Place", while the Sheriff was searching for them by telephone at the "Baby Ruth Tea Room". Several members of the jury who tried and convicted the petitioner Creighton were present at this hearing, and one of them, John W. Reasons, testified that the Sheriff of Wake County did testify at petitioner's trial that he could not locate the defendant's witnesses in Wake County, North Carolina, and that they were

not available. Another juror, Jerry Gay, testified to the same facts. The testimony of the Sheriff in the presence of the jury that he could not locate the witnesses for the defendant in Wake County, North Carolina, could have influenced the jury trying the case to the prejudice of the defendant.

4. The petitioner filed four previous petitions for a Writ of Habeas Corpus with this Court; all four petitions alleged that petitioner was subjected to cruel and unusual punishment by North Carolina State Prison Department personnel. The Honorable Don Gilliam, United States District Judge for the Eastern District of North Carolina, denied each and every one of the four petitions.

5. The petitioner failed to perfect an appeal of his conviction to the North Carolina Supreme Court.

The Court further finds the following as a matter of law:

█ 1. That the sixth and eighth amendments to the United States Constitution, which petitioner in part relies upon, are limitations on the power of the federal government and are not operative against State action.

█ 2. That the due process clause of the fourteenth amendment to the United States Constitution does apply to trials in State courts.

█ 3. That the law of North Carolina does not make the assignment of counsel by the court to assist indigent defendants in criminal actions mandatory, if the offense is non-capital.

█ 4. That the failure of the State court to assign counsel to assist petitioner at his trial was not a denial of due process within the scope of the fourteenth amendment to the United States Constitution.

█ 5. That the failure of the Sheriff to serve subpoenas upon certain witnesses at a specific location in Wake County, North Carolina, as requested by petitioner, was such a denial of due process as to violate the fourteenth amendment to the United States Constitution.

█ 6. That the allegations of cruel and unusual punishment set forth by petitioner in this petition are substantially the same allegations previously held by United States District Judge Don Gilliam (note findings of fact No. 4 above) to provide an insufficient basis to grant petitioner a Writ of Habeas Corpus. Thus the present allegations of cruel and unusual punishment will not be considered by this Court, it being held as a matter of law that they were properly considered on their merits in previous judgments of this Court.

7. That the petitioner has had the benefit of adequate appellate consideration of his conviction by reason of the post-conviction hearing inquiring into the constitutionality of his conviction and by the several subsequent petitions (more than 30) filed with and considered by State and Federal courts.

Therefore, it appearing to the Court that the petitioner, Hubert Creighton, was denied due process of law as provided by the fourteenth amendment to the United States Constitution in his trial for robbery with a dangerous weapon in the Wake County, North Carolina Superior Court, this Court finds that the conviction of petitioner upon said trial was in violation of the United States Constitution and the petitioner is being improperly confined by the State of North Carolina in the North Carolina State Prison Department.

It is hereby ORDERED that the petitioner, Hubert Creighton, be immediately and unconditionally released from custody of the State of North Carolina, and the North Carolina State Prison Department.